UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO CLUB GROUP INS. CO. and
ROBERT GREENE,

      Plaintiff(s),

v.

IGO CORP., ET AL.,

      Defendant(s).
_____/

Case No. 04-71021

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT NOKIA'S
MOTIONS FOR SUMMARY JUDGMENT [16] [17]**

The matter before the Court is Defendant Nokia's motions for summary judgment as to Plaintiffs' claims and Defendant IGo's cross-claims. For the reasons that follow, the motions are GRANTED.

**I.   Background**

    **A.  The Parties**

Plaintiff Auto Club Group Insurance Company ("Auto Club"), located in Michigan, insures houses. (Compl. ¶ 1.) Plaintiff Robert Greene ("Greene"), a Michigan resident, has his home insured by Auto Club. (Compl. ¶¶ 2, 12.) Defendant Nokia ("Nokia") is a foreign corporation that designs, manufactures, and sells electrical appliances including cellular phones and cellular phone accessories. (Compl. ¶ 4.) Defendant IGo Corporation ("IGo") is a retail seller of cellular phones and their accessories. (Compl. ¶ 3.)

### B. The Incident

On March 15, 2000, Greene purchased a Nokia cellular phone from Metro-Cell. (Compl. ¶ 7.)[1] Two days later, he purchased a battery and pedestal charging unit from IGo to use with this phone. (Compl. ¶ 8.)

In February of 2001, Greene's home was damaged from a fire. (Compl. ¶¶ 9-10.) Pursuant to their policy, Auto Club paid Greene for part of this loss. (Compl. ¶ 12.) Plaintiffs allege that the battery and/or the charging unit caused this fire. (Compl. ¶ 9.)

### C. Procedural History

Plaintiffs filed a complaint in Michigan state court alleging negligent manufacture and design as well as breach of warranty. Defendants removed to this Court based on diversity. IGo filed a cross-claim against Nokia seeking indemnification. Nokia now seeks summary judgment on this cross-claim as well as all of Plaintiffs' claims.

## II. Standard of Review

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

---

[1]Metro-Cell was also named as a Defendant. The case against it is stayed, however, because Metro-Cell is in bankruptcy proceedings.

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.  Analysis

The parties do not dispute that, as threshold matters, the plaintiff in a product liability action must show that the product is attributable to the defendant, s*ee Caldwell v. Fox*, 231 N.W.2d 46, 50-51 (Mich. 1975), and there can be no indemnity claim if the indemnitor has not committed a wrongful act, s*ee Hartman v. Century Truss Co.*, 347 N.W.2d 777, 779 (Mich. Ct. App. 1984). Because Plaintiffs have not come forward with evidence that Nokia sold any products to IGo, summary judgment is warranted.

When Greene purchased the battery and charger, he received an invoice which noted the purchased items: "Extended Life Vibrating Battery, 5100 Series" and "Base only, 6120, Nokia, Desktop [Charger.]"  (Invoice INV0602445 from IGo to Greene.)  Then, Greene received an email confirming that his purchase of a "6100 Series, Battery Pack, Lithium Ion, Extended Life Battery" and a "5100 and 6100 Series Dual Bay Rapid Charger Conditioner."

3

(March 16, 2000 email message from IGo to Greene.)  Greene also testified that Nokia was the manufacturer of the items he received and, specifically, the products came with Nokia packaging.  (Greene Dep. at Part I, pp. 15, 47-48, 98-100.)

Nokia contends that it did not manufacture the items purchased by Greene.  To support this argument, it introduces the declaration of Ronald Pedigo, one of its research and development engineers.  (Pedigo Decl. ¶ 2.)  Pedigo states that "Nokia has never manufactured a vibrating Lithium Ion battery for the Nokia 6100 series or 5100 series phones."  (Id. ¶ 4.)  The evidence shows that Greene purchased a vibrating Lithium Ion battery.[2]  Thus, it could not have been a Nokia product.

Pedigo also testified that "Nokia has never sold any products to IGo . . . ."  (Pedigo Decl. ¶ 5.)  This does not end the inquiry as IGo could have bought Nokia products from a third-part distributor.  It is the plaintiff's burden to come forward with evidence that the product in question was manufactured by the defendant however.  In this case, Plaintiffs have not shown that IGo purchased Nokia products from any party.  Greene's assumption that he is certain he purchased a Nokia product does not relieve this burden.[3]  Plaintiffs

---

[2]At oral arguments, Plaintiffs contended that the product may have been a different type of battery that was manufactured by Nokia.  This is not supported by the evidence; it is merely speculation.  Plaintiffs also attempted to introduce, for the first time, a scientific analysis of the phone's remains.  The attempt to submit evidence after all the briefs had been filed and discovery on this issue was complete prejudiced Nokia.  In any event, the purported analysis cannot be interpreted by the Court.  Thus, even if the evidence is considered, it does not create a genuine issue of fact.

[3]For instance, Greene stated: "As far as I know, it was a Nokia [product.]"  (Greene Dep. at Part I, p. 15.)  In addition, in response to the question how he assured himself that Nokia was the manufacturer, he stated: "Because they were of [sic] Nokia model numbers, stating that they were Nokia, not an aftermarket.  I mean, I assumed that they were OEM."  (Id. at Part I, p. 96.)  When referencing the packaging, he stated it "most likely" used Nokia colors.  (Id. at Part I, p. 98.)  Although Greene did state the package said "Nokia," this does not

4

have not come forward with evidence to create a genuine issue of material fact and, thus, summary judgment must be granted. In addition, because there is no evidence that Nokia has engaged in any wrongdoing, it is entitled to summary judgment on IGo's cross-claim.

## IV. Conclusion

For the reasons stated above, the Court hereby orders that Nokia's motions for summary judgment are GRANTED.

SO ORDERED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: June 7, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2005, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager

---

necessarily imply that the part was manufactured by and not compatible with Nokia.